ANDREW  A.  SWEET  *v.*  ERASTUS  HUBBARD.

*Receipt.   Statute  of  Limitations.*

Where a receipt in  full is given, one item only excepted, which is specified in the receipt, and in  reference to which is added the words "which may be adjusted as the facts may prove," it was *held*, that the date of receipt was the time when the statute of limitations began to run upon that item.

ASSUMPSIT on common counts.   Plea,  non-assumpsit and statute of limitations, on  which  issue was joined.   Trial  by  jury,

March Term, 1863, PECK, J., presiding.   The plaintiff claimed
to recover on the following order, to wit:

"M. J. Harrington, Esq., 72 Wall street, New York:
Please pay Erastus Hubbard or his order one hundred dollars left
with you by S. H. Mattison for me, and much oblige,

"Yours, &c.,                           A. A. SWEET.

Montpelier, September 6th, 1849."

The defendant plead non-assumpsit and the statute of limitations;
that is, non-assumpsit within six years ; on which issue was joined
by replication that the defendant did promise within six years.

The plaintiff introduced a paper, of which the following is a
copy, for the purpose of removing the statute of limitations, to wit:

MONTPELIER, February 2, 1855.

" Received of A. A. Sweet one dollar in full, of whatsoever
name or nature against him, without any after reckoning or
computation whatsoever, one item only excepted, to wit: A
matter of cash of S. H. Mattison of New York city, which may
be adjusted as the facts may prove.

"Witness : J. R. LANGDON.    ERASTUS HUBBARD and for

"HUBBARD & BLAKE."

It appeared that from the year 1846 for several years down as
late as 1850, or a little later, the parties had considerable dealings
together of various descriptions, mostly relating to stoves and tin
ware, in which business each was engaged, occupying adjoining
stores, and that at the date and on the occasion of the execution
of the said receipt, the parties had a general settlement.   It
appears that during the early part of their dealings the defendant
was carrying on business alone, and the latter part, from
December 1849, he had a partner by the name of Blake, who, it
appeared, died before this settlement.

The view of the case taken by the court renders a further
statement of the matters in evidence unnecessary.

The court decided that the receipt itself, unconnected with the
parol evidence in the case, did not take the case out of the
statute of limitations, but if the jury should find from the parol
evidence, in connection with the receipt, that the defendant in
substance although not in terms promised that if it should turn

out or be ascertained or shown that he had the money or the avails of the order, he would pay it, or if they should find that the defendant in substance promised to pay it, if it should turn out or be ascertained or shown, that he had it, and that it had not already been accounted for by him, it would take the case out of the statute, otherwise not, and charged the jury accordingly to which the plaintiff excepted.

*Wing, Lund & Taylor* for the plaintiff.

The receipt here shows that there was a dispute about the facts connected with the item named in the receipt, but it can be construed in no other way than that the defendant was willing to pay what was in fact due, and excepted that, so that the facts might be ascertained, and is precisely within the ruling in *Paddock* v. *Colby et al.*, 18 Vt. 485 ; *Poe* v. *Conway*, 2 H. & J. 307.

*B. F. Fifield* for the defendant, claimed that there was no error in the charge of the court, and cited *Moore* v. *Stevens*, 33 Vt. 308.

BARRETT, J. The only question is, as to the effect of the receipt of the defendant upon the operation of the statute of limitations on the cash item named in said receipt.

Assuming the law to be settled, that the acknowledgment must be such as carries with it a willingness to remain liable on the claim in question, it is to be determined whether the receipt does that. The item named in the receipt was excepted from the settlement, and the receipt imports that it was then the subject of claim by the plaintiff. In making the settlement, that was left for future adjustment, as the facts should prove to be. This implies that, if the facts should prove to be, that the defendant had the money unaccounted for and unpaid as between him and the plaintiff, he was to be accountable for it, and was willing to adjust it accordingly. The only thing on which the defendant's liability was left to depend, was the facts as to his existing accountability ; and if they should show him accountable, the only inference from the language of the receipt is, that he was willing to respond. There was error in the charge in this respect.

Judgment reversed and case remanded.